UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IRWIN ENRIQUEZ

VERSUS

TURNER INDUSTRIES, LLC, TURNER INDUSTRIES GROUP, LLC, BASF CORPORATION, and RSC EQUIPMENT RENTAL, INC.

CIVIL ACTION

NO. 13-00055-SDD-SCR

## RULING ON MOTION TO DISMISS

This matter is before the Court on a *Motion to Dismiss for Failure to State a Claim*[1] under Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants, Turner Industries, L.L.C. and Turner Industries Group ("Turner Defendants").[2] Plaintiff, Irwin Enriquez, has not filed an opposition. For the reasons stated herein, the Turner Defendants' motion is GRANTED.

## I. Background

Plaintiff originally filed this suit on October 23, 2012 in the 19th Judicial District Court against the Turner Defendants, BASF Corporation, and RSC Equipment Rental for claims and damages arising out of injuries that Plaintiff allegedly sustained while operating a defective forklift.[3] Subsequently, RSC Equipment Rental timely removed this diversity action asserting that Plaintiff had fraudulently joined his employers, the Turner Defendants, to defeat diversity

1 Rec. Doc. 10.
2 In the *Notice of Removal* and in the pending *Motion to Dismiss*, the Turner Defendants refer to themselves as Turner Industries, L.L.C. and Turner Industries Group, L.L.C. *See*, Rec. Doc. 1, p.3, ¶8, and Rec. Doc. 10, p.1, ¶1.
3 Rec. Doc. 1-3, Exhibit B, "Petition for Damages and Request for Notice" ("Petition").

jurisdiction under 28 U.S.C. § 1332.[4] BASF Corporation and the Turner Defendants consented to removal.[5]

Plaintiff is a resident of Tangipahoa Parish and a citizen of Louisiana.[6] Defendant BASF is a foreign corporation incorporated in the state of Delaware with its principal place of business in New Jersey, and Defendant RSC Equipment Rental is a corporation incorporated in the state of Delaware with its principal place of business in Connecticut.[7] In contrast, the Turner Defendants are Louisiana limited liability companies.[8] Plaintiff has also alleged damages in excess of $75,000.[9]

On May 29, 2013, the Turner Defendants filed a motion to dismiss Plaintiff's claims for failure to state a viable claim for relief against them for an intentional tort under Louisiana law. Before the Court can render a ruling on the motion to dismiss, it must first determine whether the Turner Defendants were fraudulently joined to defeat this Court's subject matter jurisdiction.

## II. Law on Fraudulent Joinder

The removing party bears a heavy burden of demonstrating fraudulent joinder and that the district court has subject matter jurisdiction to consider the

---

[4] Rec. Doc. 1. RSC Equipment Rental filed the Notice of Removal on January 24, 2013.
[5] Rec. Doc. 1-4, Exhibit C; Rec.Doc. 1-5, Exhibit D.
[6] Rec. Doc. 1, p. 2, ¶5; Rec.Doc. 1-3, Petition, p. 1, ¶1.
[7] Rec. Doc. 1, p.3, ¶¶ 6-8.
[8] Within the Fifth Circuit, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, at 1080 (5th Cir. 2008). In the event the Court concludes the Turner Defendants were not fraudulently joined, the members' citizenship will be addressed.
[9] Rec. Doc. 1, p. 3, ¶8. Both Turner Industries, L.L.C. and Turner Industries Group, L.L.C. are Louisiana limited liability companies.

suit.[10] Although it is not within the Court's realm to attempt to resolve factual disputes regarding matters of substance, the Court is empowered to "pierce the pleadings" to determine whether the non-removing party has a legitimate claim against the non-diverse party under the governing state law.[11] Within the Fifth Circuit, fraudulent joinder claims are disposed of in a procedure similar to summary judgment where the Court is allowed to consider evidence beyond the pleadings, such as affidavits or deposition transcripts.[12] Overall, the standard for evaluating fraudulent joinder claims within the Fifth Circuit is clear: "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned."[13] Thus, the Court must determine whether the Plaintiff has a valid cause of action in tort against the non-diverse Turner Defendants under Louisiana law.

## III. Analysis

In general, the Louisiana Workers' Compensation Act ("Act"), La. R.S. 23:1032, provides the exclusive remedy for any claims an employee may have arising out of injuries she allegedly sustained during the course and scope of her employment. However, the exclusive remedy provision does provide an

---

[10] *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993).
[11] *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).
[12] *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, at 100 (5th Cir. 1990).
[13] *Id.* at 100-101.

exception for intentional acts committed by the employer. Section 1032(B) states that "[n]othing in this Chapter shall affect the liability of the employer . . . or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act."[14] Nevertheless, the "intentional act loophole" is interpreted narrowly by the courts.[15]

In *Bazley v. Tortorich*, the Louisiana Supreme Court held that an act is intentional whenever the defendant "either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct."[16] It is the latter of these two conditions—the substantially certain test—that Plaintiff relies upon to support his position that the worker's compensation exclusivity provision does not apply to the Turner Defendants.[17]

In *Guillory v. Domtar Industries Inc.*, the United States Court of Appeals for the Fifth Circuit explained that "[t]he substantially certain test is satisfied when an employer *consciously* subjects an employee to a hazardous or defective work environment where injury to the employee is *nearly inevitable*—that is, injury is 'almost certain' or 'virtually sure' to occur or is incapable of being avoided."[18] The Louisiana Supreme Court has offered additional instruction for determining

---

[14] La. R.S. 23:1032(B)(West)(2013).
[15] *Guillory v. Domtar Industries Inc.*, 95 F.3d 1320, at 1328 (5th Cir. 1996).
[16] *Bazley v. Tortorich*, 397 So.2d 475, at 481 (La. 1981).
[17] Plaintiff also alleges that the BASF's intentional actions are "not barred by the workers' compensation exclusivity provisions." Rec. Doc. 1-3, Petition, pp. 5-6.
[18] *Guillory v. Domtar Industries Inc.*, 95 F.3d 1320, at 1327 (5th Cir. 1996)(emphasis original). *See also*, *Bourque v. Nan Ya Plastics Corp., America*, 906 F.Supp. 348, at 353 (M.D.La. 1995).

whether an action meets the substantial certainty provision. In *Reeves v. Structural Preservation Systems*, the Court noted that "[b]elieving that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation."[19] Nor is "an employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured" sufficient to satisfy the "'substantial certainty' requirement."[20] "Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing."[21] Rather, "'[s]ubstantially certain to follow' requires more than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing.'"[22] To determine whether Plaintiff has a legitimate claim against the Turner Defendants, the Court must now turn its attention to the factual allegations of the state court *Petition*.[23]

In his *Petition*, Plaintiff has alleged that the Turner Defendants' tortious

---

[19] 98-1795, at 9-10 (La. 3/12/99),731 So.2d 208, at 212.
[20] *Id.* (citing *Armstead v. Schwegmann Giant Super Markets, Inc.*, 618 So.2d 1140, at 1142 (La. App. 4 Cir. 1993), *writ denied*, 629 So.2d 347 (La. 1993)).
[21] *Id.* (citing *Armstead v. Schwegmann Giant Super Markets Inc.*, 618 So.2d 1140, at 1142 (La. App. 4 Cir. 1993), *writ denied*, 629 So.2d 347 (La. 1993)(citing *Tapia v. Schwegmann Giant Supermarkets, Inc.*, 590 So.2d 806, 807-808 (La. App. 4 Cir. 1991)).
[22] *Id.* (citing *Jasmin v. HNV Cent. Riverfront Corp.*, 642 So.2d 311, at 312 (La. App. 4 Cir. 1994)).
[23] Plaintiff did not submit any additional evidence for the Court to consider, such as affidavits or exhibits.

actions were substantially certain to cause his injuries as set forth below:

> Turner . . . knew the relevant forklift was defective for some time prior to October 20, 2011 and did nothing to protect Enriquez . . . and Turner's . . . failure to provide any protection to Enriquez was an intentional act that was substantially certain to cause injury to Enriquez;[24]
>
> Turner's . . . failure to correct the dangerous condition or to warn Enriquez constituted an intentional act that was substantially certain to cause Enriquez's injuries which is an exception to the workers' compensation statute;[25]
>
> Turner . . . did not protect or guard Enriquez from the relevant defective forklift and, as such, exposed Enriquez to the inevitability of his injuries and damages;[26] and
>
> Turner . . . did not provide Enriquez with a safe place to work in violation of applicable regulations.[27]

Ultimately, in what may best be described as a catch-all allegation, Plaintiff contends that the Turner Defendants "knew that the injuries and damages suffered by Enriquez were substantially certain to follow Turner's . . . failure to appropriately protect Enriquez from the defective forklift."[28] Plaintiff has offered no additional evidentiary support for his allegations. Consequently, the Court finds these allegations to be conclusory, invoking similar concerns as those raised in *Mclin v. H & H Lure Co.*, another case involving fraudulent joinder resolved in this district court.

---

[24] Rec. Doc. 1-3, Petition, pp. 5-6, at ¶6.
[25] Rec. Doc. 1-3, Petition, p. 6, at ¶8.
[26] Rec. Doc. 1-3, Petition, p. 6, at ¶9.
[27] Rec. Doc. 1-3, Petition, p. 6, at ¶10.
[28] Rec. Doc. 1-3, Petition, p. 6, at ¶11.

In *Mclin v. H & H Lure Co.*[29] the plaintiffs, an employee and her spouse, made a strikingly similar conclusory allegation against the defendant-employer in an effort to trigger the intentional tort exception of the Act. The *Mclin* plaintiffs alleged the employer's actions "amount[ed] to an intentional tort or action in that [defendant] knew full well that plaintiffs [sic] injuries were substantially certain to follow her working over a period of time with toxic chemicals in an unventilated area without proper protective equipment."[30] The court found it was "not bound by [plaintiffs'] conclusory allegation" because the plaintiffs' petition lacked any specific facts and plaintiffs had failed to "offer any other evidence which even hint[ed] of any specific facts" to support their intentional tort claim against their employer.[31] Therefore, the *Mclin* Court concluded that there was "no reasonable basis for predicting that a Louisiana state court might impose liability on [the defendant employer] based on an intentional tort theory."[32] Based on the foregoing, the court found the defendant employer had been fraudulently joined.

In this case, as in *Mclin*, the Plaintiff's *Petition* also consists of conclusory allegations against the Turner Defendants that are devoid of any specific facts or evidence that "even hinted" to specific facts that could support his intentional tort claims against the Turner Defendants. Like the *Mclin* Court, this Court also concludes that it does not appear from the allegations in the *Petition* that the

---

[29] 102 F.Supp.2d 341 (M.D. La. 2000).
[30] *Id.* at 345.
[31] *Id.*
[32] *Id.* at 346.

Plaintiff has stated a viable intentional tort action under Louisiana law against the Turner Defendants to trigger the intentional act loophole.

In particular, the allegations are insufficient to allow a fact finder to infer that the Turner Defendants knew, or were substantially certain, that Plaintiff would be injured from a defective forklift. Even accepting the allegations as true, as the Court must at this stage, an employer's knowledge or appreciation of risk, or mere knowledge that a machine is dangerous, does not amount to intent for purposes of applying the intentional act exclusion. Because the intentional tort exception of the Act bars the Plaintiff from recovering against the Turner Defendants in tort, the Court holds there is no possibility of recovering against the Turner Defendants under the facts of this case. Hence, the Court finds that the Turner Defendants were fraudulently joined as defendants.

## IV. Conclusion

For the foregoing reasons, the Court concludes that Plaintiff's allegations are insufficient to allow a fact finder to conclude that the Turner Defendants can be found liable under an intentional tort theory. Therefore, this Court holds that the Turner Defendants were fraudulently joined to defeat diversity jurisdiction. The Court also finds it has subject matter jurisdiction over the remaining claims since the remaining parties to this lawsuit are completely diverse for purposes of 28 U.S.C. § 1332. Furthermore, because the Plaintiff is unable to sustain a claim in tort against the Turner Defendants under the facts of this case, the Court

hereby GRANTS the *Motion to Dismiss for Failure to State a Claim*[33] filed by Turner Industries, L.L.C. and Turner Industries Group, L.L.C.

Baton Rouge, Louisiana, this 1st day of July 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

33 Rec. Doc. 10.