UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IRWIN ENRIQUEZ

VERSUS

TURNER INDUSTRIES, LLC, ET AL

CIVIL ACTION

NUMBER 13-55-SDD-SCR

### RULING ON MOTION TO COMPEL AND FOR SANCTIONS

Before the court is the Motion to Compel and for Sanctions filed by defendant United Rentals (North America), Inc. Record document number 8. No opposition has been filed.

Defendant's motion shows that it served the plaintiff with initial discovery on January 28, 2013.[1] According to the defendant, in a conference on February 27 the plaintiff agreed to provide complete responses by March 19. However, based on the motion and lack of any opposition/response to it, as of this date the plaintiff has failed to provide any answers or documents in response to the defendant's initial discovery requests. Although the defendant served the discovery before the time allowed under Rule 26(d)(1), Fed.R.Civ.P.,[2] based on the date the parties filed their status report - May 3, 2013 - the plaintiff's answers and

---

[1] Record document number 8-2, Exhibit A.

[2] Under Rule 26(d)(1) "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure ..., or when authorized by these rules, by stipulation, or by court order."

responses should have been provided to the defendant by the first week of June.[3]  Therefore, the defendant's motion demonstrates that the plaintiff's answers and responses are long overdue and under Rule 37(b) and (d)(1)(A), Fed.R.Civ.P., the defendant is entitled to an order compelling the plaintiff to respond and imposing sanctions. Plaintiff will be required to provide the answers to interrogatories, and produce responsive documents for inspection and copying within 14 days.  No objections will be allowed.[4]  Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi).  However, other than recovery of the expenses incurred in filing the motion the defendant did not seek additional sanctions.

With regard to the recovery of expenses, under Rule 37(d)(3) the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Defendant's motion shows that a good faith attempt was made to obtain the discovery responses without court action.  Plaintiff never responded to this motion or otherwise

---

[3] Record document numbers 5 and 6.

[4] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  See, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

offered any explanation for the failure to cooperate and provide the discovery. Nothing in the record indicates that the plaintiff's failure was substantially justified or any circumstances that would make an award of expenses unjust. Therefore, the defendant is entitled to reasonable expenses under Rule 37(d)(3). Defendant did not claim a specific amount for the expenses incurred in filing this motion. However, a review of the motion and memorandum supports the conclusion that an award of $250.00 is reasonable.

Accordingly, the Motion to Compel and for Sanctions filed by defendant United Rentals (North America), Inc. is granted.

Plaintiff shall serve his answers to interrogatories, and produce for inspection and copying all documents responsive to the defendant's requests for production, without objections, within 14 days. Pursuant to Rule 37(d)(3), the plaintiff shall to pay to the defendant, within 14 days, its reasonable expenses in the amount of $250.00.

Baton Rouge, Louisiana, July 18, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE